IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE MICHELLE BABISHKAN § | | |
| and her minor children § | | PLAINTIFF |
| § | | |
| v. § | | CAUSE NO. 1:05CV08 |
| § | | |
| SOUTHERN HOMES/SOUTHERN § | | |
| LIFESTYLES, et al. § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT SOUTHERN ENERGY HOMES, INC'S
MOTION FOR SUMMARY JUDGMENT**

THE MATTERS BEFORE THE COURT is the Motion of the Defendant Southern Energy Homes, Inc. ("Southern Energy") for Summary Judgment [44] pursuant to FED. R. CIV. P. 56. Southern Energy argues that Plaintiff's claims are barred by the applicable Mississippi statutes of limitations. The Plaintiff has filed a response and Southern Energy has filed a rebuttal. After due consideration of the submissions and the relevant law, it is the opinion of the Court that there is no genuine issue as to any material fact and that Southern Energy is entitled to judgment as a matter of law.

DISCUSSION

Southern Energy manufactures mobile homes. On May 22, 1996, Plaintiff purchased a Southern Energy mobile home from Gulf Coast Manufactured Homes of Gulfport, Mississippi. In late May of 1996, Gulf Coast Manufactured Homes delivered and "set up" Plaintiff's mobile home. Plaintiff began to experience problems with her mobile home including the mold and mildew growing in some of the bedrooms and hallway.[1] On May 14, 2001, Plaintiff filed a

---

[1] "[a]fter Plaintiffs moved into the home they began to notice water intrusion, softening of walls and ceiling and 'black stuff' growing in the home." *See* (Pl. Compl., pg. 4).

formal complaint with the Mississippi Department of Insurance, Office of the Fire Marshal.[2] On May 16, 2001, the Office of the Fire Marshal provided Southern Energy with a copy of Plaintiff's formal complaint. Southern Energy was also required to investigate Plaintiff's complaints and provide copies of their findings within twenty days.[3] On June 11, 2001, Southern Energy sent a service technician to Plaintiff's home in an effort to correct the mold and mildew problem. The work was completed on June 19, 2001. On July 10, 2001, Plaintiff advised the Office of the State Fire Marshal that Southern Energy's efforts to correct the mold and mildew problem were of no avail.[4]

On August 31, 2004, Plaintiff filed a complaint in the Circuit Court of Jackson, County Mississippi, against several defendants, including Southern Energy. On January 10, 2005, the matter was removed to this Court. According to the complaint, the manufacture and/or installation of the mobile home was defective. Plaintiff alleges that her defective mobile home developed mold and mildew causing property and health related damages. Plaintiff's claims against Southern Energy are based on theories of negligence, negligent repair, fraud, breach of contract and breach of warranty.

---

[2] Pursuant to MISS. CODE ANN. § 75-49-5, the Commissioner of Insurance is responsible for enforcement of The Uniform Standards Code for Factory-Built Homes Law, MISS. CODE ANN. 75-49-1 *et. seq.*

[3] *See* Plaintiff's Response, Exhibit D.

[4] In her letter to the Office of the Fire Marshal and Plaintiff stated that "I feel that I have been more than patient in that I have let them come to my home with the idea that they would make things right. On the contrary, they did not make things right, they simply did some minor work her and there, with hopes that I would be satisfied, well I'm not, my home is not fixed nor is the mold & mildew gone. In fact, the repair work done caused other problems as well." *See* Plaintiff's Response, Exhibit M.

FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail.  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Id.* at 324-25, 106 S.Ct. at 253-54.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

In their Motion Southern Energy contends that Plaintiff's claims are barred by the applicable Mississippi statutes of limitations.  Ordinarily, whether a claim is barred by the statute of limitations is a question of fact.  However, the Mississippi Supreme Court has held that "as with other putative fact questions, the [statute of limitations] question may be taken away from the jury if reasonable minds could not differ as to the conclusion." *Smith v. Sanders,* 485 So.2d 1051, 1053 (Miss. 1986).

TIMELINESS OF PLAINTIFF'S TORT CLAIMS:

Southern Energy contends that the Plaintiff's tort claims are barred by Mississippi's three year "catch-all" statute of limitations set out in MISS. CODE § 15-1-49.  *See Owens v. Mai*, 891

So.2d 220, n.2 (Miss. 2005) and *Clark v. Parker* 1999 WL 766350, *2 (5th Cir. 1999). Plaintiff counters that the discovery provision of § 15-1-49 tolled the limitations. The discovery provision contained in MISS. CODE § 15-1-49(2) states:

> (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

A latent injury is defined as one where the plaintiff is precluded from discovery of the harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question, or when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act. *PPG Architectural Finishes, Inc. v. Lowery*, 909 So.2d 47, 50 (Miss. 2005) (citations omitted). The Mississippi Supreme Court has specifically held that the discovery rule exists in cases of a negligence or products liability cause of action involving latent injury and that "the cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease." *Owens-Illinois, Inc. v. Edwards,* 573 So.2d 704, 709 (Miss. 1990). The *Edwards* decision established an objective standard of reasonable knowledge for determining when such causes of action accrued. Therefore, based on *Smith* and *Edwards,* this Court must consider whether there is a genuine issue of material fact regarding when the Plaintiff had reasonable knowledge of her injury, or in other words, when the cause of action accrued.

It is undisputed that Plaintiff was aware of the mobile home defects, water intrusion and the resulting mold and mildew problems more than three years prior to the filing of the complaint. She discovered the mold not later than September 19, 1996, when she made a

warranty claim request.[5]  She made a formal complaint regarding the ongoing mold problem to the proper State administrative authority on May 14, 2001.

Finally, Plaintiff argues that her claim for negligent repair did not accrue until October 16, 2001, when Plaintiff received a copy of a letter report by the Office of the Fire Marshal indicating that the mold problems continued.[6]  However, Plaintiff's own correspondence of July 10, 2001, demonstrates that she was aware that Southern Energy's repair efforts were unsuccessful and that the mold and mildew problems continued.  On that date she would "reasonably be held to have knowledge" of Southern Energy's alleged negligent repair and her injury.  Based upon the summary judgment evidence provided by the parties the Court finds that as a matter of law, Plaintiff's tort claims are barred by the statute of limitations contained in MISS. CODE § 15-1-49.

<u>TIMELINESS OF BREACH OF CONTRACT AND WARRANTY CLAIMS:</u>

At the time of purchase Plaintiff received a five year manufacturers warranty for structural defects.[7]  Mobile homes at time of retail sale are "goods" within the meaning of the Uniform Commercial Code.  *Guerdon Industries, Inc. v. Gentry*, 531 So.2d 1202 (Miss. 1988).  A contract for the sale of goods is governed by the Mississippi Uniform Commercial Code, MISS. CODE § 75-1-101, *et seq*.  A breach of this contract, or its explicit or implied warranties, is governed by the statute of limitations contained in MISS. CODE § 75-2-725.  *See Alexander v. Conveyors & Dumper, Inc.*, 731 F.2d 1221 (5th Cir. 1984); *Rutland v. Swift Chemical Company,*

---

[5]*See* Defendant's Motion, Exhibit "B".

[6]*See* Plaintiff's Response, ¶ XXIV.

[7]*See* Defendant's Motion, Exhibit 1.

351 So.2d 324 (Miss.1977); *Maly v. Magnavox Company,* 460 F.Supp. 47(N.D.Miss.1978) (Mississippi [three]-year statute of limitations applicable to actions not otherwise specifically provided for was applicable to negligence claim and strict liability in tort claim, but section of Mississippi's Uniform Commercial Code providing six-year limitations period for action for breach of contract of sale and specifying when cause of action accrues was applicable to claimed breach of implied warranties of merchantability and of fitness for a particular purpose.).

>MISS. CODE ANN. § 75-2-725 provides in relevant part:
>
>(1) An action for breach of contract for sale must be commenced within six (6) years after the cause of action has accrued.
>
>(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Thus, under § 75-2-725 Plaintiff's claims for breach of contract and breach of warranty expired in May of 2002 or six years after tender of delivery of the mobile home.

Plaintiff contends that the "future performance" exception within § 75-2-725 applies. This argument is not persuasive.  For the future performance exception to apply a warranty must explicitly promise or guarantee future performance of the goods; it must be clear, unambiguous and unequivocal. *Rutland v. Swift Chemical Co.,* 351 So.2d at 325.  The express warranty in this case is essentially a "repair and replace" warranty.  A repair and replace warranty does not guarantee the product's performance in the future; rather, it provides that if a product fails or becomes defective, the seller or manufacturer will repair or replace within a stated period.  *See Crouch v. General Elec. Co.* 699 F.Supp. 585, 594 (S.D.Miss.1988).  The Court finds no basis

for the "future performance" exception to the accrual of Plaintiff's breach of contract and warranty claims. Those claims accrued on the date delivery was tendered. *Huff v. Hobgood*, 549 So.2d 951 (Miss. 1989). Thus, the Plaintiff has failed to show that there is a genuine issue of question of material fact as to the date of accrual of the contract and warranty claims. From the evidence presented, these claims are barred by the MISS. CODE § 75-2-725 six-year statute of limitations.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [44] filed by Southern Energy Homes, Inc. is **GRANTED**. Plaintiff's claims against the Defendant Southern Energy Homes, Inc. (identified in the Complaint as Southern Homes/Southern Lifestyles) are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 20th day of September, 2006.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE